IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | | |
|---|---|---|
| **MARCUS SEYMOUR,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. <u>04-2261 D/P</u> |
| | ) | |
| **UNITED STATES POSTAL SERVICE** | ) | |
| **and JOHN E. POTTER, Postmaster** | ) | |
| **General,** | ) | |
| | ) | |
| Defendants. | ) | |

---

**ORDER FOLLOWING HEARING DENYING DEFENDANT'S MOTION FOR A PROTECTIVE ORDER TO STOP THE EVIDENTIARY DEPOSITION OF DR. VALERIE AUGUSTUS BY PLAINTIFF AND TO EXCLUDE HER TESTIMONY AT TRIAL**

---

Before the court by order of reference is defendants United States Postal Service and John E. Potter's Motion For A Protective Order To Stop The Evidentiary Deposition Of Dr. Valerie Augustus Noticed By Plaintiff And To Exclude Her Testimony At Trial, filed February 28, 2008. (D.E. 100). Plaintiff Marcus Seymour filed his response in opposition on March 18. On April 3, the court held a hearing on the motion. Counsel for all parties were present and heard. At the conclusion of the hearing, the court DENIED the motion as follows:

With respect to the timeliness of Seymour's disclosure of Dr. Augustus as his treating psychiatrist, Rule 26(e)(1)(A) requires a party to supplement or correct its disclosure under Rule 26(a) or

discovery response "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; . . ." Fed. R. Civ. P. 26(e)(1)(A).  While Seymour did not supplement his response to interrogatory no. 22 (disclosing Dr. Augustus as his new treating psychiatrist) until approximately one month before the February 20 trial date,[1] at the April 3 hearing it became apparent to the court that the late disclosure was a result of a miscommunication between Seymour and his attorney, and not due to any bad faith or dilatory conduct on the part of plaintiff or his counsel.  In addition, although the supplemental response did not fully address all of the topics raised in the interrogatory, the defendants have now received a complete copy of Dr. Augustus' records and therefore possess the relevant information sought in the interrogatory. Moreover, during the discovery period Seymour made the defendants aware that he was receiving mental health treatment from another psychiatrist, Dr. Antoinne Jean-Pierre, and provided them with Dr. Jean-Pierre's treatment records.  Thus, the defendants were on notice that Seymour would likely offer expert testimony at trial relating to his mental health treatment, and therefore Seymour sufficiently

---

[1] The trial has since been continued to June 16, 2008.

complied with Rule 26(a)(2)(A)'s disclosure requirement.[2]  Under the circumstances, the late supplementation of Dr. Augustus does not prejudice the defendants to the extent that the severe sanction of exclusion would be warranted.

Finally, Seymour is not required to provide an expert report for Dr. Augustus under Rule 26(a)(2)(B), as an expert report is not required if the treating physician's testimony about causation and prognosis is based on personal knowledge and on observations obtained during the course of care and treatment.  See Fielden v. CSX Transp. Inc., 482 F.3d 866, 872-73 (6th Cir. 2007); Hawkins v. Graceland, 210 F.R.D. 210, 211-12 (W.D. Tenn. 2002) (Breen, M.J.); see also Kirkham v. Societe Air France, 236 F.R.D. 9, 11-12 (D.D.C. 2006); Williams v. Asplundh Tree Expert Co., No. 305cv479J33MCR, 2006 WL 2868923, at *6 (M.D. Fla. Oct. 6, 2006); Kallassy v. Cirrus Design Corp., No. Civ.A. 3:04-CV-0727N, 2006 WL 1489248, at *7 (N.D. Tex. May 30, 2006); Leathers v. Pfizer, Inc., 233 F.R.D. 687,

---

[2]As the court noted at the April 3 hearing, Rule 26(a)(2)(A) requires a party to disclose the identity of any expert witness it may use at trial, including a treating physician.  Rule 26(a)(2)(B), however, requires a written report only from certain types of expert witnesses. See Fed. R. Civ. P. 26(a)(2) (Committee Notes to 1993 Amendments) ("this rule . . . continue[s] to use the term 'expert' to refer to those persons who will testify under Rule 702 . . . . The requirement of a written report in paragraph (2)(B), however, applies only to those experts who are retained or specially employed to provide such testimony in the case or whose duties as an employee of a party regularly involve the giving of such testimony. A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report.").

696-97 (N.D. Ga. 2006); Garcia v. City of Springfield Police Dept., 230 F.R.D. 247, 249 (D. Mass. 2005); Philbert v. George's Auto and Truck Repair, No. 04-CV-405 (DRH), 2005 WL 3303973, at *2 (N.D.N.Y. Dec. 6, 2005); Martin v. CSX Transp., Inc., 215 F.R.D. 554, 557 (S.D. Ind. 2003); McCloughan v. City of Springfield, 208 F.R.D. 236, 242 (C.D. Ill. 2002); Washington v. Arapahoe County Dept. of Social Servs., 197 F.R.D. 439, 442 (D. Colo. 2000); Sprague v. Liberty Mut. Ins. Co., 177 F.R.D. 78, 80 (D.N.H. 1998); Sullivan v. Glock, Inc., 175 F.R.D. 497, 501 (D. Md. 1997); Shapardon v. West Beach Estates, 172 F.R.D. 415, 417 (D. Hawaii 1997); Salas v. United States, 165 F.R.D. 31, 33 (W.D.N.Y. 1995); Wreath v. United States, 161 F.R.D. 448, 450 (D. Kan. 1995).

If, after deposing Dr. Augustus, it is discovered that her opinions are based on information that was obtained outside the course of care and treatment, the defendants may renew their motion to exclude her testimony. See Mohney v. USA Hockey, Inc., 138 Fed. Appx. 804, 811 (6th Cir. 2005); Harville v. Vanderbilt Univ., 95 Appx. 719, 724 (6th Cir. 2003).

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

April 4, 2008
Date